IzGOTHARD, Judge.
Defendant, Angela L. Evans, appeals her conviction on aggravated battery. For the following reasons, we afSrm the conviction and sentence.
Defendant was charged, on October 17, 1994, by Bill of Information, with aggravated battery, in violation of LSA-R.S. 14:34. At her subsequent arraignment on December 7, 1994, defendant pled not guilty. After a waiver of her right to trial before a jury, appellant proceeded to trial before the judge on April 22, 1996, and was found guilty as charged. On April 29, 1996, the defendant was sentenced to three and one-half years imprisonment at hard labor with credit for time served.
At trial the appellant testified that on the day in question she had been in an altercation with the victim, the victim’s daughter, and the victim’s son. Appellant further testified that after the fight was over she went into her home and returned to the scene with a knife. Appellant admitted stabbing the victim in her shoulders, back and leg.
In the present case, the defense counsel has filed a brief that follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967) and discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990). In State v. Bradford, 95-929, 95-930 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, this Court noted the Louisiana Supreme Court’s favorable response to the Fourth Circuit’s policy regarding Anders briefs and adopted the same policy.
Bradford requires a court appointed attorney to file a motion to withdraw if the attorney, after a conscientious and thorough review of the trial court record, determines that the appeal is wholly frivolous. The appellant’s brief should accompany the motion to withdraw. The brief shall comply with Rule 2-12, Uniform Rules, Courts of Appeal, and should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant’s brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-ftivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal. Additionally, counsel shall attach to the appellant’s brief proof that a copy of the motion and the brief were forwarded to the appellant, with a notation whether the appellant has/has not received a copy of the trial court record and/or trial transcript. Counsel shall inform the appellant that he or she may file a supplemental brief in his or her own behalf.
After receiving the brief and motion, this Court shall notify the appellant that he or she should inform the court in writing within thirty days if he or she intends to file a brief.
If this Court finds, after an independent review of the record, that the appeal is wholly frivolous, it may grant the motion and affirm the conviction or trial court | judgment. This court’s review of the record will consist of: (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury compensation and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, 95-929, p. 3-4 (La.App. 5 Cir. 6/25/96); 676 So.2d 1108, 1110-1111.
*1161 Herein, in applying the procedure suggested above, a letter was sent from the Clerk of this Court advising the defendant that she should file a supplemental brief with this Court by February 13,1997. The defendant has not responded within the appropriate time frame. Further, an extensive review of the record has been conducted. For the purpose of an error patent review, the record in a criminal case includes the caption, the time and place of the holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgement or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). A thorough review of the record was performed and no errors patent were found. Therefore, we affirm the conviction and sentence.
AFFIRMED.